[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Anthony T. Venuti, Jr. and P T Enterprises, Inc., appeal the decision of the defendant Department of Liquor Control revoking Venuti's cafe liquor permit. The Department acted pursuant to its regulations, sections 30-6-A24(d) and (e), finding that the plaintiffs had permitted nude dancing in the cafe. The plaintiffs appeal pursuant to General Statutes 4-183. The court finds the issues in favor of the plaintiffs.
Certain procedural facts are undisputed and provide the two bases of the plaintiffs' appeal. On April 30, 1992, the Department issued a notice of hearing and statement of charges to the plaintiffs. The notice advised them that they were accused of violating Department regulations as follows:
 Charge #1. On March 25, 1992 in the Town of East Haven you violated Section 30-6-A24(d) of the Regulations of the Commission (6 counts) in that you did employ or otherwise use on the permit premises persons . . . unclothed . . . and you did violate Section 30-6-A24(e) of the Regulations of the Commission (6 counts) in that you did permit an entertainer or dancer to (appear nude)
 ACCORDING TO THE SPECIAL AGENT'S REPORT OF 3-21-92, THERE WERE VIOLATIONS OF THE LIQUOR CONTROL ACT RE: NUDITY.
The date set for the hearing, as stated in the notice, was May 12, 1992. On, May 7, 1992, the plaintiffs issued a subpoena duces tecum to the executive director of the Department, commanding him to appear at the May 12 hearing and to bring with him records and documents of the Department concerning its prosecution during the preceding year of other cafe liquor permit holders who employed nude dancers. According to the plaintiffs, these documents were needed to support their claim that the Department was unfairly and selectively enforcing the law and regulations in their case. The chairman of the Department promptly informed the plaintiffs that it would not comply with the subpoena because it would be too burdensome.
On May 8, 1992, the plaintiffs filed two actions in this court (Hartford/New Britain J.D. at New Britain). The first was an "Application to Enforce Subpoena Duces Tecum." The second was an application for temporary injunction and order to show cause, requesting an order prohibiting the Department from proceeding CT Page 8987 with the May 12th hearing until the court ruled on the enforceability of the subpoena duces tecum. The court did not act upon either application ex parte, but instead issued the following order:
ORDER TO SHOW CAUSE
 Whereas, the foregoing Complaint with prayer and Application for an Order to Show Cause has been presented to the court, and
 Whereas, upon application of the Plaintiffs, it appears that an order should be issued directing the Defendants in this action to appear before the court to show cause why said prayer for relief should not issue.
Now therefore, it is ordered that the Defendants summoned to appear before the Superior Court for Judicial District of Hartford/New Britain at 177 Columbus Boulevard, New Britain on 6/2, 1992, 30 a.m., then and there to show cause why the prayer for relief contained in the Plaintiffs' Complaint should not be granted.
At the Departmental hearing on May 12, 1992, the Plaintiff's attorney filed a written motion for continuance until after June 2, when the court would rule on the subpoena issue. He also presented vigorous oral argument, contending that it would violate the "spirit" of the court's order to proceed before the court had ruled and that the plaintiffs needed the documents in question to defend themselves at the hearing. The chairman of the liquor control commission, who presided at the hearing, denied the motion for continuance. The basis of his decision was that the court had not issued an ex parte order prohibiting the Department from proceeding with the hearing and he did not interpret the order that the court did issue as requiring any continuance. Accordingly, the Department proceeded to hold the hearing over the objection of the plaintiffs.
At the hearing, the Department presented several witnesses, including Department investigators and one of the women dancers. Their testimony related entirely to events of March 21, 1992. The plaintiffs' attorney promptly objected, on the basis that the notice of charges stated that the violations occurred on March 25. He contended that the notice was, therefore, insufficient. The chairman overruled the objection, stating "[l]et the record note CT Page 8988 that the pleadings will conform to the proof, and that is March 21st." In its final decision, the Department found that the violations occurred on March 21, not March 25.
In their appeal, the plaintiffs raise two issues: (1) the plaintiffs' subpoena denied them due process of law; and (2) that the notice of charges was insufficient.
With respect to the first issue, General Statutes 51-85, repeatedly cited by the plaintiffs to the Department, is pertinent. That statute provides, in part, as follows:
 [An] attorney may also issue subpoenas to compel the attendance of witnesses and subpoenas duces tecum in administrative proceedings. If, in any administrative proceeding, any person disobeys such subpoena . . . or refuses to produce any books, papers or documents pursuant thereto, application may be made to the superior court or any judge thereof for an order compelling obedience.
 The plaintiffs' attorney followed the provisions of the above statute precisely in this case. The Department, however, took the position that since the court had not specifically prohibited the hearing, it was free to proceed without waiting for the court to act in accordance with the statute. The court disagrees. The plaintiffs had an absolute right to pursue and present relevant evidence at the hearing. Balch Pontiac-Buick, Inc. v. Commissioner, 165 Conn. 559, 569 (1973); General Statutes 4-177(c)(2) and 4-178. Section 51-85 provides the statutory means by which the plaintiffs could invoke the court's assistance in obtaining such evidence. The court had indicated that it would consider the plaintiffs' request for such assistance; indeed, the court had ordered a hearing on the request and ordered the Department to subpoena. The court scheduled a hearing on June 2, 1992, which was only seventeen business days later and only fifteen business days after the date originally set by the Department for its hearing. The continuance sought by the plaintiffs, therefore, was for a relatively short period of time under the circumstances.
 The Department focuses on its argument that the plaintiffs' claim of selective enforcement was without any foundation and that the evidence which was the subject of the subpoena would have been inadmissible at the hearing. Therefore, the Department argues, it would have been pointless to continue CT Page 8989 the hearing since the court, when it heard the issues, would have quashed the subpoena. This argument misses the point. The plaintiffs had the statutory right to have the issuance and enforcement of their subpoena considered by the court. A court order compelling obedience to the subpoena after the administrative hearing had been held would have been an empty victory. Proceeding with the hearing before the court could act on the subpoena, therefore, effectively deprived the plaintiffs of their rights under that statute. The court might have concluded, of course, that the subpoena should not be enforced, but that was a decision for the court to make, not the Department. The Department's refusal to continue the hearing for a short time to allow the court to act was a clear abuse of its discretion.
 The plaintiffs' argument on the issue of notice is that the notice of hearing advised them that they were accused of violations which occurred on March 25, 1992, whereas the evidence admitted at the hearing, and which was the basis of the final decision, related to violations on a different date, March 21.
 The law concerning the adequacy of notice of charges under the Uniform Administrative Procedure Act and the due process provisions of the state and federal constitutions is clear. Section 4-177 of the UAPA describes the general notice required in all contested cases as follows:
 (a) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice. (b) The notice shall be in writing and shall include: . . . (4) a short and plain statement of the matters asserted. If the agency or party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon application, a more definite and detailed statement shall be furnished.
Section 4-182(c) of the UAPA provides: "No revocation, suspension, annulment or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action. . . ." "The stricter notice requirements [contained in 4-182(c)] are a function of the more compelling private interest involved" in revocation and suspension proceedings. Levinson v. Board of ChiroPractor Examiners, 211 Conn. 508, CT Page 8990 534 (1989), quoting Hart Twin Volvo v. Commissioner of Motor Vehicles, 165 Conn. 42, 47 n. 2 (1973).
In this case, of course, the plaintiffs' cafe liquor license was at stake so the stricter requirements of 4-182 applied. Under these circumstances, and considering the specific objection made by the plaintiffs' attorney at the hearing, the court concludes that it was a denial of the plaintiffs' right to due process to proceed with the hearing when it had been convened pursuant to the defective notice. In this particular case, the defective notice provided an additional reason for continuing the hearing, and it was an abuse of discretion not to do so.
In accordance with General Statutes 4-183(j), the court concludes that substantial rights of the plaintiffs were prejudiced by decisions of the Department which constituted abuse of its discretion and were otherwise affected by error of law. For those reasons, the plaintiffs' appeal is sustained.
Maloney, Judge.